*L. R. Reeves*, for defendants.

———————•◆•———————

## WALKER *v.* STANNIS *et al.*

Land was sold on execution in July, 1844, for $21.43, the amount of clerk's and sheriff's fees, but the deed was not executed and recorded till November, 1848. An alias execution was issued on the same judgment in December, 1844, and was signed by the same person, as clerk, who bought under the first execution, and the same fee bill for which the land was first bid off was attached to and claimed under the alias execution. The land was sold under the alias to A. in February, 1845, and the deed executed to him in July, and recorded in August, 1846. It was proved that the plaintiff said soon after the first sale that he should abandon the purchase. Held that the court below was justified in charging the jury that title to the property was not in the plaintiff.

A party cannot object to testimony introduced by himself.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J. An action of right by J. G. Walker against John Stannis and Solomon Booth. Plea general issue; verdict and judgment for the defendants, rendered in November, 1849.

On the trial the plaintiff read in evidence the record of a judgment in partition, showing title, to the premises in dispute, to be in John O'Rourke and Patrick Walsh. He also read a judgment rendered in Lee district court, against said O'Rourke, in favor of Wood & Abbott, on the 7th October, 1843, for the sum of $1,579.98, and an execution

✱

dated June 14th, 1844, issued on said judgment. By the return it appears that the sheriff sold to the plaintiff, for the sum of $21.43, amount of clerk's and sheriff's fees, the undivided half of share thirty-nine, as designated in the partition of the Half Breed lands, which share includes the lots in controversy. Under this sale the deed was not executed until November 23, 1848, and filed for record on the same day.

The defendants read in evidence an alias execution issued on the same judgment, and signed by the plaintiff, as deputy clerk, dated December 4th, 1844. To this execution was attached a bill of the same clerk's and sheriff's fees, for which the land was bid off on the first execution.

The land was sold to James Abbott, on the alias execution, for $915, on the 8th February, 1845. The sheriff's deed was executed to Abbott, July 28, 1846, and filed for record on the 5th of August, following.

After the defendants closed their testimony, the plaintiff called H. T. Reid, Esq., as a witness, and he stated that he acted as attorney in obtaining judgment against O'Rourke, and that he purchased the property under the alias execution for Wood & Abbott. On cross-examination, by defendant's counsel, he further stated, that immediately after the purchase under the first execution, the plaintiff told him that he should abandon his purchase and would not take a deed.

At the request of defendant's counsel, the court instructed the jury that the evidence offered in the case showed that title was not in the plaintiff, at the commencement of this suit.

This instruction forms the principal objection urged to the proceedings below.

The plaintiff claims that Reid's testimony was improperly admitted. But plaintiff cannot, with propriety, object to testimony which he himself introduced. He wished to show that Reid was the attorney of Wood & Abbott, and

c*

thereby had notice of the first execution sale. The defendants clearly had a right to elicite all he knew upon that subject by a cross-examination, on which it appears that he had notice of plaintiff's intention to abandon the purchase and not take a deed. The testimony of a witness cannot be excluded merely because he does not meet the expectations of the party who had him sworn.

There is no evidence tending to show that Abbott had actual or even constructive notice of any prior sale; no part of the judgment, in favor of Wood & Abbott, had been satisfied, no satisfaction was entered even for the clerk's and sheriff's fees, as they were claimed by the plaintiff himself, as deputy clerk, in issuing the second execution. The consideration money had not been paid, nor had the sheriff's deed been executed to the plaintiff at the time Abbott purchased. All the circumstances conduced to show that if there was a purchase under the first execution, it had been entirely abandoned by the plaintiff. If, then, Wood & Abbott had notice of the first sale through their attorney, Reid, they were, through the same medium, equally notified of its abandonment.

Abbott's title was perfected, and his deed duly recorded more than two years before the plaintiff obtained a deed from the sheriff. Abbott acquired a perfect legal title while plaintiff was sleeping on his assumed rights, and long before he made any effort to establish any title in himself.

In *Hopping* v. *Burnam*, 2 G. Greene, 39, we decided that a deed for land, which is first filed for record, will prevail over a prior executed deed without *actual* notice. But in this case Abbott's deed was not only first recorded, but it was first executed, and it is not pretended that he had *actual* notice of the first execution sale, and hence with much more reason should his deed prevail over the plaintiff's.

We conclude, then, that upon the face of the deeds, and the dates of the recording, and independent of Reid's testi-

mony, the court did not err in deciding that the title was out of the plaintiff.

*Reeves & Miller*, for plaintiff in error.

